IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MARY B. GRIFFIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:07cv730-WC |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

**I.     INTRODUCTION**

Plaintiff Mary B. Griffin (Griffin) applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.* (2000) and for supplemental security income benefits under Title XVI, 42 U.S.C § 1381 *et seq.* (hereinafter collectively the Act), alleging she was unable to work because of a disability. Griffin's applications were denied at the initial administrative level. Griffin then requested and received a hearing before an Administrative Law Judge (ALJ). Following the hearing, the ALJ also denied the claims. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1]  See Chester v. Bowen, 792 F.2d 129,

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

131 (11th Cir. 1986). The case is now before the Court for review under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. #9); Def.'s Consent to Jurisdiction (Doc. #10). Based on the Court's review of the record and the briefs of the parties, the Court REVERSES and REMANDS the Commissioner's decision.

## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five step, sequential evaluation process. See 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
> (4) Is the person unable to perform his or her former occupation?

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

2

(5) Is the person unable to perform any other work within the economy?

An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. See Phillips v. Barnhart, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. Id.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). Id. at 1238-39. RFC is what the claimant is still able to do despite her impairments and is based on all relevant medical and other evidence. Id. It also can contain both exertional and nonexertional limitations. Id. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. Id. at 1239. To do this, the ALJ can either use the Medical

---

[3] McDaniel v. Bowen, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. See, e.g., Ware v. Schweiker, 651 F.2d 408 (5th Cir. 1981) (Unit A).

Vocational Guidelines[4] (grids) or call a vocational expert. Id. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. Phillips, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." Id.

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. Hillsman v. Bowen, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating

---

[4] See 20 C.F.R. pt. 404 subpt. P, app. 2.

claims.

Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).

**III.    ISSUES**

*A.    Introduction*

Griffin was thirty-three years old and had a ninth grade education at the time of the hearing before the ALJ. Tr. at 24, 65, 101, 321. Griffin's prior work experience includes employment as a housekeeper, cashier, cook, and dishwasher. Tr. at 32. Following the administrative hearing, and employing the five step process, the ALJ found Griffin had not engaged in substantial gainful activity since the alleged onset date, December 23, 2003 (Step 1). Tr. at 26. At Step 2, the ALJ found Griffin suffered from the two severe impairments: lumbar degenerative disc disease and a herniated disc at L5-S1. Id. The ALJ nonetheless found Griffin did not possess an impairment or combination of impairments that met or equaled the criteria of any listed impairment set forth in the Listing of Impairments (Step 3). Id. at 27. At Step 4, the ALJ found Griffin could perform her past relevant work based upon her RFC. Tr. at 23. Consequently, Griffin had not established her *prima facie* case.

Despite the ALJ's finding at Step 4, the ALJ went further and evaluated Griffin's RFC, age, education, and work experience in conjunction with the grids to determine the availability in significant numbers of other work Griffin could perform in the national

economy. Upon consideration of this evidence, the ALJ determined at Step 5 Griffin possessed the RFC to perform jobs that exist in significant numbers in the national economy. Tr. at 32. Consequently, the ALJ found Griffin had not been disabled since the alleged onset date. Tr. at 33.

### B.    *Griffin's Claims*

Griffin sets forth three issues: (1) whether the ALJ erred in finding Griffin could return to her relevant past work; (2) whether the ALJ erred in applying Rule 201.25 of the grids; and (3) whether the ALJ properly considered Griffin's subjective complaints of pain and limitations when assessing her RFC. Pl.'s Mem. Br. (Doc. #14) at 9-14 (hereinafter Pl.'s Br.). The Commissioner refutes Griffin's contentions, arguing that substantial evidence supports the ALJ's decision. Def.'s Mem. Supp. Commr's Decision (Doc. #19) at 10 (hereinafter Def.'s Br.).

### IV.    DISCUSSION

Turning to Griffin's first issue, she argues the ALJ's conclusion Griffin could perform the full range of light work is unsupported by substantial evidence and contrary to Social Security Ruling (SSR) 83-10, because her past relevant work required her to stand on her feet for six hours or more a day and "light work jobs . . . involve a good deal of walking or standing" up to six hours. Pl.'s Br. (Doc. #14) at 9-10. The Commissioner counter argues the ALJ found Griffin retained the ability to stand and walk for four hours each for a total of eight hours during the day in accordance with the requirements of SSR

83-10. Def.'s Br. (Doc. #19) at 4. The Court takes issue with the ALJ's RFC finding.

The ALJ found Griffin possessed the RFC to perform a wide range of light work, including sedentary work. The ALJ further found, in relevant part: "The claimant is capable of sitting for up to six (6) hours in an eight-hour workday and standing and/or walking for up to four (4) hours for each functional activity in an eight-hour workday with push and pulling equal to lifting." Tr. at 27. Based on this assessment, and after taking administrative notice that Griffin performed her past work at the light level of work activity, the ALJ concluded Griffin could perform her past relevant work.

Case law in this circuit reveals light work involves "a good deal of walking or standing." Freeman v. Barnhart, 220 F. App'x 957, 960 (11th Cir. 2007) (citing Walker v. Bowen, 826 F.2d 996, 1000 (11th Cir. 1987)). More specifically, the Eleventh Circuit has described light work activity as follows:

> A job is in [the light work] category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work,[the claimant] must have the ability to do substantially all of these activities.

Id. In addition, "'light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday.'" Freeman, 220 F. App'x at 960 (citing SSR 83-10, 1983 WL 31251).

While the ALJ's recitation of his RFC assessment is not a model of clarity, it is

clear he placed great reliance on the RFC assessment performed by a state disability specialist to determine Griffin could perform light work. Tr. at 202-210. This assessment unambiguously sets forth Griffin can sit for a total of 6 hours in an 8-hour workday and can stand <u>and/or</u> walk (with normal breaks) for a total of 4 hours in an 8-hour workday. The assessment does not find, as argued by the Commissioner, that Griffin can walk <u>and</u> stand for 4 hours each for a total of 8 hours. On the contrary, the assessment and, more importantly, the ALJ's decision, expressly limits those activities to 4 hours total by the use of the "and/or."[5] Because the ALJ found Griffin could walk and/or stand for a total of 4 hours, rather than 6 hours, in an 8-hour workday, the ALJ's conclusion Griffin could perform light work does not comport with SSR 83-10. Thus, the ALJ's RFC determination is erroneous as a matter of law. On remand, the Commissioner shall reassess Griffin's RFC based on the Commissioner's regulations.[6]

## V.    CONCLUSION

The Court has carefully and independently reviewed the record and concludes the decision of the Commissioner is REVERSED and the case REMANDED for further

---

[5] Even if the Court read the ALJ's RFC decision in the manner advocated by the Commissioner, the ultimate outcome here would be the same, as the Court would find the ALJ's decision too ambiguous to review.

[6] The Court does not find this error harmless, as the ALJ's RFC determination is a factor the ALJ considered in rendering his Step 5 determination. Tr. at 32-33. The Court cannot uphold the ALJ's determination at Step 5, if part of that determination is based on an error as a matter of law. Thus, the Court need not reach Griffin's second and third arguments.

proceedings consistent with this opinion. A separate order will issue.

DONE this 8th day of July, 2008.

/s/ Wallace Capel, Jr.<br>WALLACE CAPEL, JR.<br>UNITED STATES MAGISTRATE JUDGE